**Jonner Marihot TUA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70946.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Andrea Gevas, Barry J. Pettinato, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Jonner Marihot Tua, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Prasad v. INS,* 47 F.3d 336, 338–39 (9th Cir.1995). We deny the petition.

The record does not compel a finding that the two isolated incidents Tua suffered rise to the level of persecution. *See id.* at 339–40. Tua has also failed to establish that he has a well-founded fear of future persecution because he has not shown that he faces an individual risk of persecution, *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004), and because his family has continued to practice Christianity in Indonesia without incident, *see Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001). Accordingly, we deny Tua's asylum claim.

Because Tua failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the agency's denial of CAT relief because Tua did not establish that it is more likely than not he will be tortured if he returns to Indonesia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

